UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **ELOY NAVARRO, SID #760134,** § § § | |
| **Plaintiff,** § § § | |
| § | SA-22-CV-00006-XR |
| v. § § | |
| **JAVIER SALAZAR, Bexar County Sheriff** § **and BEXAR COUNTY SHERIFF'S** § **OFFICE,** § § § | |
| **Defendants.** § | |

## ORDER OF DISMISSAL

Before the Court is *pro se* Plaintiff Eloy Navarro's ("Navarro") 42 U.S.C. § 1983 Amended Civil Rights Complaint. (ECF No. 9). The Court granted Navarro's request to proceed *in forma pauperis* ("IFP"). (ECF Nos. 2, 8). Upon consideration, Navarro's Amended Complaint is **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted. (ECF No. 9); *see* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

### BACKGROUND

According to Bexar County court records, in 2019, Navarro pled no contest to "assault bodily injury–fam/hou." https://search.bexar.org/Case/CaseDetail?r=7abd9116-0bf2-4c49-92b7-47222c35bdab&st=s&s=760134&cs=&ct=&=&full=y&p=1_611019_CC131862527100000 (last visited Mar. 7, 2022). He was granted deferred adjudication probation. *Id.* Subsequently, the State moved to revoke and adjudicate guilt. *Id.* The State's motion was granted, and the trial court revoked Navarro's deferred adjudication probation and adjudicated him guilty, sentencing him to confinement for a year. *Id.* He is currently confined in the Bexar County Adult Detention Center

("BCADC"). *Id.* While confined, Navarro filed this section 1983 civil rights action. (ECF No. 1). He then filed an Amended Complaint in response to this Court's Show Cause Order. (ECF No. 9).

In his Amended Complaint, Navarro brings claims against Bexar County Sheriff Javier Salazar ("the Sheriff") and the Bexar County Sheriff's Office ("BCSO").[1] (*Id.*). Navarro claims inmates "were not allowed to drink water or even use the restroom for 5 hrs. and as well had the cold A/C blowing constant[ly]." (*Id.*). He contends these conditions deprived him of "basic necessities" in violation of his civil rights under the Eighth Amendment. (*Id.*). As relief, Navarro seeks to have his "criminal history" dismissed and expunged. He also seeks $1,000,000,00 in damages. (*Id.*).

## APPLICABLE LAW

Under section 1915A(b)(1) of Title 28 of the United States Code, this Court is required to screen any civil complaint in which a prisoner seeks relief against a government entity, officer, or employee and dismiss the complaint if the court determines it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B) (directing court to dismiss case filed IFP if it is determined that action is (i) frivolous or malicious, (ii) fails to state claim on which relief may be granted, or (iii) seeks monetary relief against defendant who is immune from such relief). Such a dismissal may occur at any time, before or after service of process and before or after a defendant files an answer. *Shanklin v. Fernald*, 539 F. Supp.2d 878, 882 (W.D. Tex. 2008) (citing *Green v. McKaskle,* 788 F.2d 1116, 1119 (5th Cir. 1986)).

---

[1] In his original Complaint, Navarro brought section 1983 claims against the State of Texas, the Sheriff, and the BCADC. (ECF No. 1). In response to the Court's Show Cause Order, Navarro dismissed the State of Texas and the BCADC. (ECF No. 9). He added the BCSO as a defendant. (*Id.*).

An action is frivolous where there is no arguable legal or factual basis for the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges a violation of a legal interest which clearly does not exist." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (internal quotation and citation omitted). A complaint is factually frivolous when "the facts alleged are 'fantastic or delusional scenarios' or the legal theory upon which a complaint relies is 'indisputably meritless.'" *Eason v. Thaler*, 14 F.3d 8, n.5 (5th Cir. 1994) (quoting *Neitzke*, 490 U.S. at 327–28).

In evaluating whether a complaint states a claim under sections 1915A(b)(1) and 1915(e)(2)(B), this Court applies the same standards governing dismissals pursuant to Rule 12(b)(6). *See DeMoss v. Crain*, 636 F.3d 145, 152 (5th Cir. 2011); *see also* FED. R. CIV. P. 12(b)(6). To avoid dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56, 570 (2007)); *see* FED. R. CIV. P. 12(b)(6). These factual allegations need not be detailed but "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

When reviewing a *pro se* plaintiff's complaint, the court must construe the allegations liberally, holding the *pro se* to less stringent pleading standards than those applicable to lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). However, a plaintiff's *pro se* status does not offer him "an impenetrable shield, for one acting *pro se* has no license to harass others, clog the

judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

## ANALYSIS

### A. No Individual Acts & Conclusory Allegations — the Sheriff

To state a section 1983 claim against a defendant, a plaintiff must allege the defendant was personally involved in the actions complained of or is responsible for the policy or custom giving rise to the alleged constitutional deprivation. *See Alderson v. Concordia Parish Corr. Facility*, 848 F.3d 415, 420 (5th Cir. 2017) (holding that under section 1983, officials are not vicariously liable for conduct of those under their supervision, they are accountable for their own acts and for implementing unconstitutional policies that result in constitutional deprivations); *Jones v. Lowndes Cnty., Miss.*, 678 F.3d 344, 349 (5th Cir. 2012) ("A Section 1983 claimant must 'establish that the defendant was either personally involved in the deprivation or that his wrongful actions were causally connected to the deprivation.'").

Navarro has not alleged the Sheriff was personally involved in any alleged constitutional violation or that he was responsible for a policy or custom that gave rise to any alleged constitutional deprivation. (ECF No. 9). In the absence of allegations that a defendant was personally involved in the alleged constitutional violation or responsible for a policy or custom that gave rise to such constitutional deprivation, a plaintiff fails to state a claim upon which relief may be granted against that defendant. *See Alderson*, 848 F.3d at 420; 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

To the extent Navarro claims the Sheriff "ordered" his subordinates to deprive him of "basic necessities," Navarro has also failed to state a claim upon which relief may be granted. *See*

28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). As set out above, to state a claim, a plaintiff's allegations must present "enough facts to state a claim to relief that is plausible on its face," i.e., the "[f]actual allegations must be enough to raise a right to relief above the speculative level;" "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555–56; *see* FED. R. CIV. P. 8(a). A conclusory complaint, or one that fails to state material facts, is subject to dismissal for failure to state a claim. *See Rios*, 444 F.3d at 426. Here, as to the Sheriff, Navarro's Amended Complaint contains nothing more than a single conclusory statement: "Ordered his deputies to deprive me of 'basic necessities.'" (ECF No. 9). This is insufficient to state a claim under section 1983. *See Rios*, 444 F.3d at 426.

### B. Non–Jural Entity — BCSO

The capacity of an entity to sue or be sued is determined by the law of the state in which the district court sits. *Paredes v. City of Odessa*, 128 F. Supp.2d 1009, 1013 (W.D. Tex. 2000) (citing FED. R. CIV. P. 17(b); *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991)). To be subject to suit in Texas, an entity must enjoy a separate legal existence. *Id.* In the absence of jural authority, the entity lacks the capacity to be sued. *Id.*

Texas federal courts have consistently held entities without a separate jural existence are not subject to suit. *See, e.g., Batyukova v. Doege*, No. 5:19-CV-00391-JKP, 2019 WL 6699788, at *3 (W.D. Tex. Dec. 9, 2019). This Court has specifically found the BCSO is not a legal entity capable of being sued because Bexar County policy makers have not authorized the BCSO to enjoy a separate jural existence. *See id.*; *Brown v. Bexar Cnty. Hosp. Dist.*, No. SA-15-CA-123, 2015 WL 3971388, at *1, n.1 (W.D. Tex. June 30, 2015). Thus, as to the BCSO, the Court finds Navarro

has failed to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

To the extent Navarro intended to name Bexar County as a defendant by naming the BCSO as a defendant, the Court also finds he has failed to state a claim upon which relief may be granted. (ECF No. 9). To establish liability on the part of a county or municipality, a plaintiff must demonstrate a policy or custom that caused the alleged constitutional deprivation. *Bd. of Cnty. Comm'rs Bryan Cnty., Okla. v. Brown*, 520 U.S. 397, 403–04 (1997); *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690–91 (1978). Navarro fails to allege Bexar County has a policy or custom relating to any alleged violation of his constitutional rights. (ECF No. 9); *see Brown*, 520 U.S. at 403–04 (1997); *Monell*, 436 U.S. at 690–91.

## CONCLUSION

Based on the foregoing analysis, this Court finds that as to the Sheriff, the BCSO, and Bexar County, Navarro has failed to state a claim upon which relief may be granted. Navarro failed to allege any individual acts by the Sheriff, or his allegations were conclusory, the BCSO is a non–jural entity that is not subject to suit, and to the extent he sought to sue Bexar County, Navarro failed to allege the existence of a policy or custom with regard to his alleged constitutional violations.

**IT IS THEREFORE ORDERED** that Navarro's 42 U.S.C. § 1983 Amended Complaint (ECF No. 9) is **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

It is so **ORDERED**.

**SIGNED** this 7th day of March, 2022.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE